Chad R. Fears, NV Bar No. 6970
Snell & Wilmer L.L.P.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV 86169
Telephone: (702) 784-5200
cfears@swlaw.com
Attorneys for Plaintiff Seven Resorts, Inc.

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re SEVEN CROWN, dba SEVEN CROWN RESORTS, a Nevada LLC, as owner of a certain 1986 houseboat manufactured by Master Fabricators; Summit Model; Echo Bay rental No. 224, for exoneration from or limitation of liability<br><br>Plaintiff, | **IN ADMIRALTY**<br><br>**COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY** |

Plaintiff Seven Resorts, Inc., d/b/a Seven Crown Resorts or "Seven Crown," as the owner of the houseboat at issue in a claim and lawsuit made by the Claimants named below, files this special admiralty claim pursuant to the Shipowner's Liability Act of 1851, 46 USC §§30501-12 (former §§181-89), and Supplemental Rule F to the Federal Rules of Civil Procedure.

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Seven Resorts, Inc., d/b/a Seven Crown Resorts or "Seven Crown," is a Nevada LLC that, at the time of the incident at issue, was operating at Lake Mead in Nevada.

2. Claimants Mary Jolynn Murphy, Michael Browning, and Mary Jolynn Murphy as Special Administrator of the Estate of Joshua Murphy are Plaintiffs against Seven Crown in a lawsuit captioned as follows: *MARY JOLYNN MURPHY and MICHAEL BROWNING, individually and as the natural parents of JOSHUA MURPHY, deceased, and MARY JOLYNN MURPHY, as Special Administrator of the ESTATE OF JOSHUA MURPHY, deceased, Plaintiffs, vs SEVEN RESORTS, INC., a Nevada corporation, d/b/a/ SEVEN CROWN RESORTS, and DOES 1 through 100, and ROE CORPORATIONS 1 through 100, inclusive, Defendants.* Case No. 10-A-612210-c, filed on March 18, 2010, and pending in Clark County, Nevada.

3. *Murphy v. Seven Crown* is a tort-based wrongful death lawsuit arising out of the death of 11-year-old Joshua Murphy.

4. The Claimants claim that they are the natural parents of Joshua Murphy and are residents of Nevada.

5. At all relevant times, Seven Crown owned a houseboat identified as Houseboat No. 224 at Echo Bay Marina, HIN HLR01045E686.

6. The Claimants claim that Joshua died on August 20, 2009, while he was boating with Mr. Browning and two other adults, Tina Browning and James Pettie. They claim that they were boating on Lake Mead in Nevada on Houseboat No. 224 rented at Echo Bay Marina, and that Seven Crown is liable under various theories of liability.

7. Seven Crown has filed an Answer in the wrongful death lawsuit, denying liability.

8. Seven Crown is entitled to limit its potential liability to the post-accident value of the subject boat and its cargo, pursuant to 46 USC §181-189, Shipowner's Liability Act.

9. This Court has admiralty and maritime jurisdiction pursuant to 28 USC § 1333, and the United States Constitution, Article III, Section 2.

10. Jurisdiction and venue are proper pursuant to FRCP Supplemental Rule F(1) and (9), as this claim is made to limit the liability of the owner of the subject boat, which at the time of the accident was, and currently is, located on Lake Mead in Clark County, Nevada.

11. Venue is proper pursuant to 28 USC § 139(b)(2), as the events upon which this claim is based occurred on Lake Mead in Clark County, Nevada.

12. This Limitation of Liability Action is timely, as the first claim was made on March 17, 2010.

13. No other person or entity has notified Seven Crown that it has a claim, and Seven Crown is not aware of any additional party that may have a claim in connection with this incident.

14. Seven Crown will serve a copy of this Complaint on counsel for the Claimants.

15. Seven Crown will post a $40,000.00 bond for the limitation fund with this Court plus an additional $1,000 to cover costs.

/ / /

## GENERAL ALLEGATIONS

16. According to the allegations in *Murphy v. Seven Crown* and National Park Service Incident Report LAME 09-2562, Joshua's father Michael Browning rented the subject boat from Seven Crown on August 17, 2009, at Echo Bay Marina in Clark County, Nevada.

17. On August 20, 2009, someone tied Joshua's raft to the boat, leaving Joshua near the location where a gasoline-powered Westerbeke electrical generator vented its exhaust fumes.

18. The boaters had received multiple specific warnings (verbally and in writing) against allowing people to be in the water near the generator exhaust location while the generator was running.

19. While Joshua was playing on or near his raft, he was not wearing a lifejacket.

20. The adults on the boat did not keep a constant watch on Joshua while he was playing on his raft and in the water.

21. The captain of the boat, Mr. Murphy, was allegedly intoxicated by alcohol in excess of the legal limit to operate a boat: 0.08% BAC.

22. While the adults were at other locations on the boat, Joshua was allegedly overcome by the carbon monoxide in the exhaust fumes and drowned.

23. Lake Mead is a Navigable Waterway.

24. Joshua and the other occupants of the boat were engaged in a traditional maritime activity.

25. The death of Joshua Murphy had a potentially disruptive impact on maritime commerce.

26. Joshua and his family were on a boat that was part of maritime commerce, as it was one of several rental boats from the Echo Bay Marina.

27. The exhaust fumes that allegedly incapacitated Joshua were properly vented outside the boat and, like all properly-vented exhaust fumes, had the potential to harm people off of the boat and in other boats.

28. After Joshua was found in the water, the search and rescue operation had a direct impact on maritime commerce. The entire area around Echo Bay Marina, including the

commercial marina itself, was disrupted during the search and rescue operation. The search and rescue operation lasted several hours and involved federal, state, and local workers, rescue boats, police helicopters, private individuals, and marina employees.

### COUNT I:  LIMITATION OF LIABILITY

29. Plaintiff Seven Crown alleges all previous allegations as if fully set forth herein.

30. Seven Crown is without knowledge or privity in connection with Joshua's death.

31. Pursuant to 46 USC §§30501-12 (formerly §§181-189), Shipowner's Liability Act, as owner of the boat at issue, Seven Crown is entitled to an order preemptively limiting its liability of the post-accident value of the boat.

32. The post-accident value of the subject houseboat is between $30,000.00 and $40,000.00.

**WHEREFORE,** Seven Crown prays for the following relief:

A. For a determination that the post-accident value of the subject houseboat is between $30,000.00 and $40,000.00.

B. For an entry of a judgment limiting Seven Crown's maximum liability to all Claimants to the post-accident value of the subject houseboat.

C. That all persons or entities who fail to file a claim in this proceeding be forever barred from making any claim for loss against Seven Crown in connection with the incident described herein.

D. For an immediate stay of the wrongful death lawsuit in Clark County, Nevada District Court, *Mary Jolynn Murphy et al., v. Seven Resorts, Inc., et al.*, Case No. 10-A-612210-c.

DATED this 13TH day of July, 2010.

SNELL & WILMER L.L.P.

By _____
Chad R. Fears
3883 Howard Hughes Parkway
Suite 1100
Las Vegas, NV  86169
Attorneys for Seven Resorts, Inc.
d/b/a Seven Crown Resorts