UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| In re SEVEN RESORTS, INC. a Nevada corporation, d/b/a SEVEN CROWN RESORTS, as owner of a certain 1986 houseboat manufactured by Master Fabricators; Summit Model Echo Bay rental No. 224, for exoneration from or limitation of liability,<br><br>Plaintiff. | 2:10-CV-01149-PMP-LRL<br><br><u>O R D E R</u> |

Presently before the Court is Claimants' Motion to Dismiss Plaintiff's Amended Complaint for Exoneration from or Limitation of Liability (Doc. #20), filed on November 17, 2010. Plaintiff filed a Response (Doc. #22) on December 6, 2010. Claimants filed a Reply (Doc. #23) on December 16, 2010.

**I. BACKGROUND**

Plaintiff Seven Resorts, Inc., d/b/a Seven Crown Resorts ("Seven Crown") is the owner of a 1986 houseboat manufactured by Master Fabricators. Claimants are Mary Jolynn Murphy and Michael Browning, individually and as the natural parents of Joshua Murphy, and Mary Jolynn Murphy as the Special Administrator of the Estate of Joshua Murphy (collectively "Claimants").

On August 17, 2009, Michael Browning rented a houseboat from Plaintiff at Lake Mead in Clark County, Nevada. (Resp. To Mot. to Dismiss (Doc. #22), Ex. A.) On the evening of August 20, 2009, Claimants tied the houseboat to the shore of an unnamed cove in Lake Mead. (<u>Id.</u>, Ex. J.) Claimants' son, Joshua Murphy ("Joshua"), was playing

1  on a raft that was tied to the back of the houseboat near where the generator exhaust
2  ventilated while Michael Browning was elsewhere on the houseboat preparing dinner.  (Id.)
3  When dinner was nearing completion, Michael Browning called for Joshua but did not
4  receive an answer.  (Id.)  Michael. Browning and his wife's son, James Pettie, then went
5  looking for Joshua and noticed him floating face down in the water off of the raft.  (Id.)
6  They pulled Joshua from the water, called 911, and unsuccessfully attempted to revive
7  Joshua.  (Id.)  An autopsy conducted by the Clark County Coroner's office determined the
8  cause of death to be carbon monoxide poisoning, most likely from the generator exhaust,
9  with drowning as a secondary cause of death.  (Mot. to Dismiss (Doc. #20), Exs. 2 + 3.)
10          On August 27, 2009, counsel for Claimants, Sam Harding ("Harding"), sent two
11  letters to Seven Crown's insurance adjustor, Kenneth Harris ("Harris"), via email.  (Id., Ex.
12  1.)  The letters advised Harris that Harding was retained to represent the family of Joshua
13  Murphy regarding his death.  (Id.)  The letters also stated that Mr. Browning rented the
14  houseboat from Seven Crown and that Joshua died of carbon monoxide poisoning most
15  likely from the houseboat's generator.  (Id.)  The first letter concluded by asking Harris to
16  advise Harding of the liability policy limits of Seven Crown's insurance policy.  (Id.)
17          On July 13, 2010, Plaintiff filed a Complaint for Exoneration from or Limitation
18  of Liability pursuant to the Shipowner's Liability Act of 1851, 46 U.S.C. §§ 30501-12
19  (formerly §§ 181-89).  (Compl. (Doc. #1).)  Plaintiff is attempting to limit its liability to the
20  value of the vessel involved in the incident and its cargo.  Claimants now move to dismiss
21  Seven Crown's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and
22  12(b)(6), claiming this Court does not possess admiralty jurisdiction, and if it does, Seven
23  Crown did not file its Complaint within the six month notice period required by 46 U.S.C.
24  § 30511.  Plaintiff responds that this Court has admiralty and maritime jurisdiction over the
25  Complaint pursuant to 28 U.S.C. § 1333 and that it timely filed its Complaint.
26  ///

## II. DISCUSSION

Federal courts are court of limited jurisdiction and are "presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." Stock West, Inc. v. Confederated Tribes of the Colville Reservation, 873 F.2d 1221, 1225 (9th Cir. 1989). Pursuant to Federal Rule of Civil Procedure 12(b)(1), a party may move to dismiss an action for lack of subject matter jurisdiction. It is the burden of the party asserting federal jurisdiction to prove that the case is properly in federal court. McCauley v. Ford Motor Co., 264 F.3d 952, 957 (9th Cir. 2001).

### A. Admiralty Jurisdiction

In Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co., the Supreme Court fashioned a two pronged "location and connection" test to determine whether admiralty jurisdiction exists in tort cases involving pleasure crafts such as houseboats. 513 U.S. 527, 534 (1995). The "location" portion of the test is satisfied if the tort occurred on navigable water. Id. The "connection" prong has two subparts. H2O Houseboat Vacations Inc. v. Hernandez, 103 F.3d 914, 916 (9th Cir. 1996). First, the court must assess whether the incident "has a potentially disruptive impact on maritime commerce." Grubart, 531 U.S. at 534 (quotation omitted). Then, the "court must determine whether the general character of the activity giving rise to the incident shows a substantial relationship to traditional maritime activity." Id. (quotation omitted).

In H2O Houseboat, the United States Court of Appeals for the Ninth Circuit was faced with a claim for limitation of liability in connection with a family who was injured by carbon monoxide poisoning from the houseboat they rented. 103 F.3d 914. The incident took place on Lake Havasu, Arizona, a navigable water and therefore satisfied the "location" prong of the "location and connection" test. Id. at 916. The Ninth Circuit then considered whether the incident satisfied the "connection" prong and held that emission of carbon monoxide from a houseboat did not have the potential to disrupt maritime

commerce. Id. at 916. The Ninth Circuit noted that speculation about the potential disruption of maritime commerce that could have occurred had the houseboat not been tied to shore and its occupants poisoned while loose on the water ignored the facts of the actual incident. Id. at 916-17. Because the potential to disrupt maritime commerce was not present, the Court did not need to consider whether the incident had a substantial relationship to traditional maritime activity, and hence affirmed the district court's dismissal for lack of admiralty subject matter jurisdiction. Id. at 917.

Here, the incident giving rise to this action was death by carbon monoxide poisoning at Lake Mead in Clark County, Nevada. The "location" portion of the "location and connection" test is satisfied because the incident happened on Lake Mead, a navigable waterway. However, the Ninth Circuit previously determined that carbon monoxide poisoning on a houseboat tied to shore does not have the potential to disrupt maritime commerce. Therefore, the "connection" prong of the "location and connection" test is not satisfied. Thus, Plaintiff has not shown that this Court has admiralty jurisdiction over the present matter.

**B. Shipowner's Liability Act of 1851**

The Shipowner's Liability Act of 1851 ("Liability Act") allows for the owner of a vessel to limit his or her liability to the value of the vessel and its freight. 46 U.S.C. § 30505(1)(a). The Shipowner's Liability Act of 1851 does not confer independent federal jurisdiction on its claimants; rather those seeking its protection must independently satisfy the test for admiralty or other federal jurisdiction. Seven Resorts, Inc. v. Cantlen, 57 F.3d 771, 773 (9th Cir. 1995). Under the Liability Act, an owner seeking to limit liability must bring the limitation action within six months after the claimant gives written notice of a claim. 46 U.S.C. § 30511(a).

Here, admiralty jurisdiction is lacking. The Liability Act by itself does not give rise to grounds for federal jurisdiction. Plaintiff has not shown that this Court otherwise has

4

federal jurisdiction. Therefore, the Court dismisses Plaintiff's Complaint for lack of subject matter jurisdiction, and the Court need not consider whether Plaintiff filed the limitation action within six months of receiving written notice of Claimants' claim.

### III. CONCLUSION

IT IS THEREFORE ORDERED that Claimants' Motion to Dismiss Plaintiff's Amended Complaint for Exoneration from or Limitation of Liability (Doc. #20) is hereby GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Complaint (Doc. #1) is hereby DISMISSED for lack of subject matter jurisdiction.

DATED: March 7, 2011.

_____
PHILIP M. PRO
United States District Judge